FILED
MAR 11 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| IVY HIBBARD, | § |
| Plaintiff, | § § § |
| vs. | § Civil Action No. 6:22-cv-00273 |
| | § JURY DEMANDED |
| MYLAN PHARMACEUTICALS, INC., and MYLAN TECHNOLOGIES, INC., | § § § |
| Defendants. | § |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Mylan Pharmaceuticals Inc. ("MPI") hereby removes this action from the District Court of Freestone County, 77th Judicial District, Texas, to the United States District Court for the Western District of Texas. In support of removal, MPI states further:

**I.   BACKGROUND**

1. On or about February 1, 2022, Ivy Hibbard ("Plaintiff") commenced this product-liability action with the filing of an Original Petition in the District Court of Freestone County, Texas, docketed at No. CV22022. (*See generally*, Ex. A, Orig. Pet.)

2. Plaintiff alleges she developed a large mass on her right fallopian tube as a result of her use of an FDA-approved prescription-only birth control patch, Xulane® (norelgestromin and ethinyl estradiol). (*Id.* ¶ 9.)

3. Plaintiff further alleges that she experienced severe pain due to the mass, necessitating "numerous" trips to the emergency room and, ultimately, surgery on February 4, 2020, to remove her right fallopian tube. (*Id.*)

1

4. Plaintiff purports to state claims under a number of different theories of liability, including strict liability (design, manufacture, warnings); violations of the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"); breach of implied warranty of merchantability; and negligence. (*See generally id.*)

5. Plaintiff seeks to recover compensatory damages for past and future lost wages, past and future medical care, past and future pain and suffering, past and future mental anguish, past and future impairment, and past and future disfigurement. (*Id.* ¶ 19.)

6. Plaintiff further demands exemplary and punitive damages. (*Id.* ¶ 36.)

7. Still more, Plaintiff seeks an award of attorney's fees, trebling of damages, and "additional damages" under the DTPA. (*Id.* ¶¶ 29, 30.)

## II. JURISDICTIONAL BASIS FOR REMOVAL

### A. Complete Diversity of Citizenship Exists Among the Parties

8. According to the Original Petition, Plaintiff is a resident of Texas. (*Id.* ¶ 1.)

9. Plaintiff further alleges that she suffered injuries in Texas and sought medical care in Texas. (*Id.* ¶ 9.)

10. MPI therefore avers Plaintiff is a citizen of Texas. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) (confirming that, with respect to individuals, citizenship has the same meaning as domicile and "the place of residence is prima facie the domicile"); *cf. Garza v. Palomar Specialty Ins. Co.*, No. 7:21-cv-414, 2021 WL 6425093, at *1 (S.D. Tex. Dec. 1, 2021) ("Plaintiff resides in Hidalgo County, Texas, and so is a citizen of Texas." [footnote omitted]).

11. The citizenship of a corporation is both its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1).

2

12. MPI was, at the time this action was commenced, and is, at the time of removal, a West Virginia corporation with its principal place of business in West Virginia. (Orig. Pet. ¶ 2.)

13. MPI therefore is a citizen of West Virginia.

14. Defendant Mylan Technologies, Inc. ("MTI") was, at the time this action was commenced, and is, at the time of removal, a West Virginia corporation with its principal place of business in Vermont.

15. MTI therefore is a citizen of West Virginia and Vermont.

16. Because Plaintiff is a Texas citizen and neither of the Defendants is a citizen of Texas, complete diversity exists among the parties.

**B.     The Matter in Controversy Exceeds $75,000**

17. A defendant's burden in alleging the existence of federal jurisdiction upon removal "is no greater than is required to establish federal jurisdiction as alleged in a complaint." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

18. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 553–54.

19. The amount in controversy is the estimate of damages that will be put at issue, not the amount a plaintiff will actually recover. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).

20. Plaintiff alleges that, due to her use of an FDA-approved drug, she suffered severe physical injury in the form of a mass on her fallopian tube necessitating numerous trips to the emergency room and, ultimately, surgery to remove the fallopian tube.

21. Plaintiff seeks to recover compensatory damages for past and future pain, suffering, mental anguish, medical costs, lost income, disfigurement, and impairment.

22. Plaintiff demands an award of attorney's fees, treble damages, and additional damages under the DTPA.

23. Plaintiff further seeks to recover punitive and exemplary damages, alleging the Defendants knowingly concealed defects in the Xulane® birth control patch. (Orig. Pet. ¶ 36.)

24. Under Rule 47 of the Texas Rules of Civil Procedure, a plaintiff is required to plead one of the statutorily-prescribed ranges of damages. Plaintiff failed to do so in this matter.

25. Nonetheless, allegations of serious injury in product-liability actions, such as those Plaintiff makes here, support an inference that the amount-in-controversy requirement has been met. *See Mullaney v. Endogastric Sols. Inc.*, No. 11-cv-62056, 2011 WL 4975904, at *2 (S.D. Fla. Oct. 19, 2011) (inferring that amount in controversy requirement was met where plaintiff alleged that he underwent "surgical intervention that required additional lifesaving medical treatment" and suffered "serious, permanent and disabling injuries"); *In re Yasmin & Yaz (Drospirenone) Mktg. Sales Practices & Prod. Liab. Litig.*, 692 F. Supp. 2d 1025, 1040 (S.D. Ill. 2010) ("Given the severe and ongoing nature of the injuries alleged, the Court finds that it is plausible and supported by the evidence that the amount in controversy has been established.").

26. Simply put, "[i]n the parlance of product liability suits . . . [c]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is

4

obvious from the face of the complaint that the plaintiffs' damages exceed the jurisdictional amount." *McCoy by Webb v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002).

27. Moreover, "[i]n today's legal climate, whenever exemplary damages are sought in a products liability case from a corporate defendant," as is the case here, "[the jurisdictional minimum] certainly is not a high end award." *Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 213–214 (E. D. Tex. 1996).

28. Although Plaintiff's Original Petition does not state with specificity the amount of damages sought in terms of dollars and cents, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

29. MPI denies that Plaintiff is entitled to any damages whatsoever. It is nonetheless clear that the matter in controversy is far in excess of the jurisdictional minimum of $75,000.

30. Thus, this removal is proper because this Court has original jurisdiction over this action, as there is complete diversity of citizenship among the parties and the matter in controversy exceeds $75,000, exclusive of interest and cost. 28 U.S.C. §§ 1332(a)(1), 1441(a).

### III. PROCEDURAL ELEMENTS

31. MPI was served with the Original Petition on February 11, 2022.

32. This removal is timely as the Notice has been filed within thirty days of the service of the Original Petition on MPI.

33. This action is properly removed to the United States District Court for the Western District of Texas, Waco Division, because Plaintiff's Original Petition was filed in the District Court of Freestone County, Texas, which lies geographically within this judicial district and division. *See* 28 U.S.C. §§ 124(d)(2), 1441(a).

34. Removal pursuant to 28 U.S.C. § 1441(a) states that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

35. MPI is the only defendant to have been served and, therefore, the consent of the other defendant, MTI, is not required. Nonetheless, and without waiver of any rights, MTI provides notice of its consent to removal. (Ex. B, Not. of Consent.)

36. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached:

   *Exhibit A*:   Plaintiff's Original Petition (filed February 1, 2022)

   *Exhibit B*:   MTI Notice of Consent to Removal

   *Exhibit C*:   Citation to MPI

   *Exhibit D*:   State Court Docket Sheet

   *Exhibit E*:   Civil Cover Sheet

   *Exhibit F*:   Supplement to Civil Cover Sheet

   *Exhibit G*:   Citation to MTI

   *Exhibit H*:   Citation Request (filed February 3, 2022)

   *Exhibit I*:   Index of Matters Being Filed

37. Upon the docketing of this case in federal court, MPI will file its disclosure statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure.

38. Contemporaneously with the filing of this Notice of Removal, MPI will give written notice to Plaintiff and will file a copy of this Notice with the Clerk of the District Court of Freestone County, Texas.

39. No previous application has been made for the relief requested in this Notice of Removal.

40. Accordingly, all procedural elements for removal have been satisfied.

## IV. RESERVATIONS AND REQUEST FOR ORAL ARGUMENT

41. If any question arises as to the propriety of the removal of this action, MPI respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

42. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of MPI's right to assert any defense or affirmative matter including, without limitation, the defense of (a) lack of personal jurisdiction; (b) improper or inconvenient venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party; or (h) any other procedural or substantive defense available under state or federal law.

## V. JURY DEMAND

43. MPI demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Mylan Pharmaceuticals Inc. respectfully requests this Honorable Court to exercise jurisdiction over this matter and to take any other action necessary to effectuate the removal of this action to the United States District Court for the Western District of Texas.

Dated: March 11, 2022

Respectfully submitted,

JOHNSON, TRENT & TAYLOR, L.L.P.

By: */s/ T. Christopher Trent*
    T. Christopher Trent
    State Bar No. 20209400
    Leslee N. Haas
    Texas Bar No. 24041031
    919 Milam, Suite 1500
    Houston, TX 77002
    Telephone: (713) 222-2323

                                      Facsimile: (713) 222-2226
                                      Email: ctrent@johnsontrent.com
                                      Email: lhaas@johnsontrent.com

And

Clem C. Trischler (*pro hac* to be sought)
Jason M. Reefer (*pro hac* to be sought)
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
Telephone: (412) 263-2000
Facsimile: (412) 263-2001
Email: cct@pietragallo.com
Email: jmr@pietragallo.com

**ATTORNEYS FOR DEFENDANT
MYLAN PHARMACEUTICALS INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that, on March 11, 2022, a true and correct copy of the above document and any related attachments were served on all parties of record by email and First Class U.S. Mail, postage prepaid to the recipients identified below.

Dale L. Trimble
THE TRIMBLE FIRM, P.L.L.C.
209 Simonton Street
Conroe, TX 77301
eservice@trimblefirm.com

*Counsel for Plaintiff Ivy Trimble*

                                      */s/ T. Christopher Trent*
                                      T. CHRISTOPHER TRENT